GESSIN LTD
Jesse Gessin (SBN 263889)
Jesse@Gessin.Ltd
Mailing – 806 E. Avenida Pico, Suite I-291,
San Clemente, CA 92673
Physical – 910 South El Camino Real, Suite 201,
San Clemente, CA 92672
Tel.: (949) 328-6629

Attorney for Plaintiff *Dannielle Fewster*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIELLE FEWSTER, an individual,<br><br>        Plaintiff,<br><br>-vs-<br><br>HOAG MEMORIAL HOSPITAL PRESBYTERIAN, a California Corporation; and DOES 1 through 25, inclusive,<br><br>        Defendants.<br><br>Steven Bloom, an individual,<br><br>        Party in Interest | Civil Case No.: 8:21-cv-00775<br><br>**COMPLAINT FOR DECLARATORY RELIEF AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**<br><br>1. **Violation of the Free Exercise Clause of the First Amendment of the United States Constitution**<br>2. **Violate of the Right to Privacy Guaranteed Under the Fourth Amendment of the United States Constitution**<br>3. **Violation of the Right to Privacy Guaranteed under the Fourteenth Amendment of the United States Constitution**<br>4. **Violation of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794)**<br>5. **Violation of The Americans With Disability Act 42 U.S.C. §12101 et seq.**<br><br>**REQUEST FOR EMERGENCY TEMPORARY RESTRAINING ORDER INJUNCTIVE RELIEF – FRCP 65** |

Plaintiff, DANNIELLE FEWSTER, alleges the following:

**JURISDICTION**

1. Counts in this Action arise out of the First, Fourth and Fourteenth Amendments to the United States Constitution, The Rehabilitation Act of 1973 (29 U.S.C. § 794) and The Americans With Disabilities Act 42 U.S.C. §12101 et seq.

**VENUE**

2. Venue is proper in the United States District Court for the Central District of California, pursuant to 28 U.S.C sections 84 and 1391. The events that gave rise to this complaint are occurring in Newport Beach, Orange County, in the State of California, and one or more of the defendants has its Principal Place of Business in Newport Beach, Orange County, California.

**PARTIES**

3. Dannielle Fewster is an adult and resident of the State of California. She is the daughter of Susan Bloom.

4. Defendant HOAG MEMORIAL HOSPITAL PRESBYTERIAN (HOAG) is a hospital corporation with its principal place of business in Newport Beach, California. Plaintiff is informed and believes, and on the basis of said information and belief, alleged that HOAG receives funding from the state and federal government which is used to directly and indirectly provide healthcare services to individuals including but not limited to Susan Bloom.

5. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names and capacities. Plaintiff is informed and believe and based thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the actions and/or in-actions of said Doe defendants. Plaintiff will amend this complaint to include the true identities of said Doe defendants when

1  they are ascertained.

2      6.    At all times mentioned, each of the defendants was acting as the agent, principal, employee, and/or employer of one or more of the remaining defendants and was, at all times herein alleged, acting within the purpose, course, and scope of such agency and/or employment for purposes of respondent superior and/or vicarious liability as to all other defendants.

    7.    At all times mentioned herein, the defendants, and each of them, employed, hired, trained, retained, and/or controlled the actions of all other defendants, and each of them.

## FACTS

    8.    Plaintiff expressly incorporates the facts presented in the Declaration of Dannielle Fewster. Exhibit A.

## FACTS WARANTING EMERGENCY TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

    9.    There is a substantial likelihood of success on the merits given the wealth of decisional authority, both in the Court of Appeal, and the U.S. Supreme Court demonstrating the constitutional rights people have over their decision making role in their healthcare and for biological offspring over the healthcare decisions concerning their parents.

    10.    The injuries threatened if the conduct is not enjoined will be irrevocable and irreparable, Susan Bloom will not be given life sustaining treatment.

    11.    The threatened injury is death to Susan and loss of a mother to Dannielle.

    12.    The issue of a person's healthcare decisions is one of great public concern. Therefore, granting of preliminary injunction is in the public interest.

## TERMS OF THE PROPOSED RESTRAINING ORDER

    13.    Plaintiff seeks to have Defendant Hoag Memorial Hospital Presbyterian, to the extent permissible within applicable medical standards of care, institute life

sustaining medical treatment including, but not limited to, percutaneous endoscopic gastrostomy (PEG) and/or tracheotomy.

14. Plaintiff seeks to have Defendant Hoag Memorial Hospital Presbyterian initiate the provision of nutrition to Susan.

15. Plaintiff seeks to have to take all medically available steps/measures to seek to improve Susan's health and prolong her life including nutrition including the insertion of a tracheostomy tube and a gastric tube.

16. Plaintiff seeks to be provided ample time and support (including the placement of the tracheostomy tube and the gastric tube) to assess Susan's responsiveness to life sustaining treatment.

## FIRST COUNT

**(Violation of First Amendment Rights – Free Exercise of Religion)**

17. Plaintiff incorporate by reference as if fully set forth herein paragraphs 1-16.

18. This action arises under the United States Constitution, particularly under the provisions of the Free Exercise Clause of the First Amendment to the Constitution of the United States.

19. The acts complained herein are being committed by the Defendant, and are depriving Plaintiff Fewster and Susan Bloom of their rights to freely express their religious beliefs. The denial of these rights threatens the very existence of Susan and will completely sever the relationship that still endures between Dannielle and Susan.

20. Plaintiff prays for relief in the form of a declaration of the right of Plaintiff Dannielle Fewster to exercise control over the determination of the healthcare to be provided to and received by Susan Bloom and a declaration Defendant's conduct in refusing to provide life sustaining medical procedures is unconstitutional as an interference with Plaintiff's exercise of their religious beliefs.

21. Plaintiff prays for an injunction requiring Defendant Hoag Memorial

Hospital Presbyterian, to the extent permissible within applicable medical standards of care, institute life sustaining medical treatment including, but not limited to, mandating introduction of nutritional support, insertion of a tracheostomy tube, gastric tube, and to provide other medical treatments and protocols designed to promote Susan's maximum level of medical improvement and provision of sufficient time to evaluate Susan's responsiveness to treatment.

## SECOND COUNT

**(Violation of Fourth Amendment Rights – Privacy Rights)**

22.     Plaintiff incorporates, herein by reference, paragraphs 1 through 21 a though fully set forth herein.

23.     This action arises under the United States Constitution, particularly under the provisions of the Privacy Rights established and recognized as existing within and flowing from Fourth Amendment to the Constitution of the United States.

24.     Each of the acts complained of herein was committed by the Defendant, and each of them, and by seeking to deny Dannielle Fewster and Susan Bloom of the rights to privacy including but not limited to their rights to have control over Susan's health care, by refusing to provide health care to Susan, and by denying Dannielle the right to have control over the health care decisions affecting Susan, which are recognized under the Fourth Amendment of the U.S. Constitution.

25.     The conduct of the Defendant, and each of them, has deprived Plaintiff of the rights of privacy that she should have over medical decisions for Susan.

26.     As a direct and proximate result of Defendant's conduct, as alleged herein, Plaintiff is in great risk of the death of Susan Bloom occurring. She has been suffering, as has Dannielle Fewster by being prohibited from obtaining proper care for Susan and by being deprived of the right of knowing that Susan was being cared for and, instead, fearing that she is becoming weaker and dying because of the refusal of the Defendant to provide treatment.

27.     Plaintiff prays for relief in the form of a declaration of her rights of privacy relating to her right to control Susan's medical decisions and choices. Plaintiff further requests declaratory relief that the application of the determination of the healthcare to be provided to and be received by Susan Bloom and a declaration that the application of California Health and Safety Code § 7181, in the manner in which Defendant seeks to do so, so as to deprive Plaintiff of her ability to choose life sustaining medical treatment is an unconstitutional interference with Plaintiff's exercise of rights to privacy.

28.     Plaintiff prays for an injunction requiring Defendant Hoag Memorial Hospital Presbyterian, to the extent permissible within applicable medical standards of care, institute life sustaining medical treatment including, but not limited to, mandating introduction of nutritional support, insertion of a tracheostomy tube, gastric tube, and to provide other medical treatments and protocols designed to promote Susan's maximum level of medical improvement and provision of sufficient time to evaluate Susan's responsiveness to treatment.

### THIRD COUNT

**(Violation of Fourteenth Amendment Rights to Privacy)**

29.     Plaintiff incorporates, herein by reference, paragraphs 1 through 28 as though fully set forth herein.

30.     This action arises under the United States Constitution, particularly under the provisions of the Fourteenth amendment and its right to privacy.

31.     Each of the acts complained of herein was committed by the Defendant, and each of them, and by seeking to deny Dannielle Fewster and Susan Bloom the rights to privacy including but not limited to their rights to have control over Susan's health care, by refusing to provide health care to her, and by denying Danielle the right to have control over the health care decisions affecting Susan, which are recognized under the Fourteenth Amendment of the U.S. Constitution.

32.     Plaintiff prays for relief in the form of a declaration of her rights to Privacy

of the healthcare decisions concerning Susan's rights to exercise control over her medical decisions and that the efforts to/decision of HOAG to preclude Susan from medically viable life sustaining procedures is an unconstitutional interference with Plaintiff's Privacy Rights.

33. Plaintiff prays for an injunction requiring Defendant Hoag Memorial Hospital Presbyterian, to the extent permissible within applicable medical standards of care, institute life sustaining medical treatment including, but not limited to, mandating introduction of nutritional support, insertion of a tracheostomy tube, gastric tube, and to provide other medical treatments and protocols designed to promote Susan's maximum level of medical improvement and provision of sufficient time to evaluate Susan's responsiveness to treatment.

## FOURTH COUNT

### (Violation of the Federal Rehabilitation Act)

34. Plaintiff incorporates, herein by reference, paragraphs 1 through 33 as though fully set forth herein.

35. Susan Bloom is a handicapped and/or disabled individual as that term is defined under bother the Rehabilitation Act of 1973.

36. Section 504 of the Rehabilitation Act prohibited discrimination against an "otherwise qualified" handicapped individual, solely by reason of his or her handicap, under any program or activity receiving federal financial assistance.

37. Hospitals such as Defendant Hoag Memorial Hospital Presbyterian, that accepts Medicare and Medicaid funding, is subject to the Rehabilitation Act.

38. The reason for withholding medically viable life sustaining treatment for Susan Bloom over her daughter's objections, is of the decision of Steven Bloom which is based on Susan's medical condition – her handicap and disability.

39. Susan is "otherwise qualified" to receive medically viable life sustaining treatment.

40. Thus, HOAG's decision to withhold medically viable life sustaining treatment from Susan over her daughter's objections, violates the Rehabilitation Act.

41. As a proximate cause of the Defendants' conduct, Plaintiff is incurring attorneys fees and litigation costs, including the costs of retaining experts.

42. Plaintiff prays for relief in the form of a declaration of her rights to Privacy of the healthcare decisions concerning Susan's rights to exercise control over her medical decisions and that the efforts to/decision of HOAG to preclude Susan from medically viable life sustaining procedures violates the Rehabilitation Act.

43. Plaintiff prays for an injunction requiring Defendant Hoag Memorial Hospital Presbyterian, to the extent permissible within applicable medical standards of care, institute life sustaining medical treatment including, but not limited to, mandating introduction of nutritional support, insertion of a tracheostomy tube, gastric tube, and to provide other medical treatments and protocols designed to promote Susan's maximum level of medical improvement and provision of sufficient time to evaluate Susan's responsiveness to treatment.

## FIFTH COUNT

**(Americans With Disabilities Act)**

44. Plaintiff incorporates, herein by reference, paragraphs 1 through 43 as though fully set forth herein.

45. Section 302 of the Americans with Disabilities Act ("ADA") prohibits discrimination against disabled individuals by "public accommodations." 42 U.S.C. § 12182.

46. A "disability" is "a physical or mental impairment that substantially limits one or more of the major life activities" of an individual. 42 U.S.C. § 12102(2). This includes any physiological disorder or condition affecting the neurological system, musculoskeletal system, or sense organs, among others. 28 C.F.R. § 36.104 (definition of "physical or mental impairment").

47. Brain damage from lack of oxygen is a disability, because it affects Susan's neurological functioning, ability to walk, and ability to see or talk.

48. "Public accommodation" is defined to include a "professional office of a health care provider, hospital, or other service establishment." 42 U.S.C. § 12181(7). HOAG is a public accommodation under the ADA. 28 C.F.R. § 36.104.

49. Section 302(a) of the ADA states a general rule of nondiscrimination against the disabled: General rule. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodation of any place of public accommodations by any person who owns, leases (or leases to), or operated a place of public accommodation. 2 U.S.C. § 12182(a).

50. In contract to the Rehabilitation Act, the ADA does not require that a handicapped individual be "otherwise qualified" to receive the benefits of participation. Further, section 302(b)(1)(A) of the ADA states that "[i]t shall be discriminatory to subject an individual or class of individuals on the basis of a disability…to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity." 42 U.S.C § 12182(b)(1)(A)(i).

51. HOAG seeks to deny Susan Bloom the benefits of medically viable life sustaining treatment by reason of her disability.

52. Plaintiff prays for relief in the form of a declaration of her rights to Privacy of the healthcare decisions concerning Susan's rights to exercise control over her medical decisions and that the efforts to/decision of HOAG to preclude Susan from medically viable life sustaining procedures violates the ADA.

53. Plaintiff prays for an injunction requiring Defendant Hoag Memorial Hospital Presbyterian, to the extent permissible within applicable medical standards of care, institute life sustaining medical treatment including, but not limited to, mandating

introduction of nutritional support, insertion of a tracheostomy tube, gastric tube, and to provide other medical treatments and protocols designed to promote Susan's maximum level of medical improvement and provision of sufficient time to evaluate Susan's responsiveness to treatment.

## PRAYER

Wherefore, Plaintiff prays for judgement against the Defendant as follows;

**Counts One through Five:**

1. Declaratory Relief;
2. Injunctive relief including, but not limited, to requiring Defendant Hoag Memorial Hospital Presbyterian, to the extent permissible within applicable medical standards of care, institute life sustaining medical treatment including, but not limited to, mandating introduction of nutritional support, insertion of a tracheostomy tube, gastric tube, and to provide other medical treatments and protocols designed to promote Susan's maximum level of medical improvement and provision of sufficient time to evaluate Susan's responsiveness to treatment, and enter any other such relief the Court deems just and appropriate under the circumstances;
3. Plaintiff also requests that the Court issue whatever additional injunctive relief the Court deems appropriate; and
4. For such other and further relief as the court may deem proper.

Dated: April 24, 2021

GESSIN LTD

By: */s/ Jesse Gessin*
Jesse Gessin
*Counsel for Plaintiff
Dannielle Fewster*