GESSIN LTD
Jesse Gessin (SBN 263889)
Jesse@Gessin.Ltd
Mailing – 806 E. Avenida Pico, Suite I-291,
San Clemente, CA  92673
Physical – 910 South El Camino Real, Suite 201,
San Clemente, CA 92672
Tel.: (949) 328-6629

Attorney for Plaintiff *Dannielle Fewster*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNIELLE FEWSTER, an individual,<br><br>          Plaintiff,<br><br>-vs-<br><br>HOAG MEMORIAL HOSPITAL PRESBYTERIAN, a California Corporation; and DOES 1 through 25, inclusive,<br><br>          Defendants. | Case No.:  8:21-cv-00775<br><br>**EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER TO ENJOIN DEFENDANTS FROM ENDING LIFE SUSTAINING MEDICAL CARE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATIONS OF JESSE GESSIN AND DANNIELLE FEWSTER; [PROPOSED] ORDER**<br><br>[Filed concurrently with Plaintiff's Complaint] |
| Steven Bloom, an individual,<br><br>          Party in Interest | |

EX PARTE APPLICATION

TO ALL PARTIES, PERSONS WITH INTEREST, AND TO THEIR COUNSEL OF RECORD:

YOU ARE HEREBY NOTIFIED that as soon as this matter may be heard in a Courtroom of the United States District Court, Central District of California, located at Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Santa Ana, CA 92701-4516, Plaintiff Dannielle Fewster, will hereby move this Court ex parte for a temporary restraining order requiring Defendant Hoag Memorial Hospital Presbyterian, to the extent permissible within applicable medical standards of care, institute life sustaining medical treatment including, but not limited to, mandating introduction of nutritional support, insertion of a tracheostomy tube, gastric tube, and to provide other medical treatments and protocols designed to promote Susan Bloom's maximum level of medical improvement and provision of sufficient time to evaluate Susan's responsiveness to treatment, and enter any other such relief the Court deems just and appropriate under the circumstances.

This application is made pursuant to Federal Rules of Civil Procedure Rule 65(b) and U.S. Dist. Court, Central District, Local Rule 7-19. The ex parte relief requested is appropriate because, absent an injunction requiring Defendant to institute medically viable life sustaining measures, the inevitable will occur –cessation of the beating of Susan Bloom's heart.

Further, Plaintiff has a likelihood of succeeding on the merits of her case because, inter alia, Defendant's proposed action, i.e. failure to institute medically viable life sustaining measures, over the objection of Dannielle Fewster and other family members, is unconstitutional in so far as it interferes with Plaintiff's exercise of her rights to freedom of religion under the first amendment and interference with her privacy rights under the Fourth and Fourteenth Amendments recognized rights to privacy in health care decisions and determination over ones medical treatment. Failure to institute a TRO and Injunction will make this matter moot as Susan Bloom will cease to have a heartbeat

- 1 -

and will have expired. Also, the public interest will be served, as granting this Temporary Restraining Order will allow the public to have a clear understanding of the rights of a daughter to elect medically viable life sustaining measures in the face of opposition from her step-father who is proceeding under a newly executed durable power of attorney.

Counsel for Plaintiff properly provided Defendant Hoag Memorial Hospital Presbyterian with ex parte notice pursuant to Federal Rules of Civil Procedures Rule 65(b)(1).

This ex parte application is made pursuant to Federal Rules of Civil Procedure Rule 65(b) and U.S. District Court, Central District of California Local Rule 7-19, and is based upon this notice, the attached memorandum of points and authorities, the attached Declaration of Jesse Gessin, the complete records, pleadings, documents and papers on file, and upon such other matters which may properly come before this Court at the hearing of this application.

Dated:  April 24, 2021

GESSIN LTD

By:  _/s/ Jesse Gessin_

Jesse Gessin

*Counsel for Plaintiff*
*Dannielle Fewster*

- 2 -

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case is about Susan Bloom's end of life wishes.  In the month before open heart surgery Susan executed a standard health care directive.  Declaration of Dannielle Fewster ("Fewster Decl."), Exhibit 1.  The Directive includes a durable power of attorney (DPOA) authorized her husband, Steven Bloom, as the primary agent for health care decisions and her daughter, Dannielle, Steven's step-daughter, as the alternate agent.  Fewster Decl., Ex. 1 at p. 2.  The Directive also includes an end of life provision.  *Id*. at p. 4.

Susan suffered a stroke as a complication of the surgery.  After approximately ten days of assisted breathing and feeding, Steven elected under the DPOA, to refuse medically viable life sustaining procedures, such as introduction of nutritional support, insertion of a tracheostomy tube, gastric tube, and to provide other medical treatments and protocols designed to promote Susan's maximum level of medical improvement.

Dannielle and other family members, including Susan's ex-husband (Dannielle's father), and brother (Dannielle's uncle), disagree with Steven's election.  These family members believe Susan would elect medically viable life sustaining procedures in the near-term to evaluate Susan's response to the procedures.  In short, Susan would choose life under the circumstances presented.

## II.   LEGAL DISCUSSION

### A.   Federal Law Authorizes the Relief Requested

The purpose of a preliminary injunction is to preserve the status quo and the rights of the parties until a final judgment on the merits can be rendered, *see U.S. Philips Corp. v. KBC Bank N.V.*, 590 F.3d 1091, 1094 (9th Cir. 2010), while the purpose of a temporary restraining order is to preserve the status quo before a preliminary injunction hearing may be held.  *See Wahoo Intern., Inc. v. Phix Doctor, Inc.*, 2014 U.S. Dist.

- 1 -

LEXIS 74927, 2014 WL 2106482, *2 (S.D. Cal. 2014). The standards for a temporary restraining order and a preliminary injunction are the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7t 20, 129 S.Ct. at 374; *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (same). The moving party carries the burden of persuasion by a "clear showing." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Federal Rules of Civil Procedure Rule 65(b)(l) permits a temporary restraining order to be granted ex parte if:

A. Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

B. The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

**B.    Plaintiff Will Suffer a Great or Irreparable Injury Before This Matter Can Be Heard on Notice Motion**

Absent an injunction, Susan Bloom will not be given medically viable life sustaining treatment. There can be no greater irreparable harm than death.

**C.    Plaintiff Will Succeed On the Merits of Her Case**

The Ninth Circuit Court of Appeal provides that only a reasonable probability of success is required to support a preliminary injunction. *Gilder v. PGA Tour, Inc*., 936 F2d 417, 422 (9th Cir. 1991). In fact, a "fair chance on the merits" is sufficient for preliminary injunction purposes. *See Johnson v. Cal State Fort of Accounting*, 72 F. 3d 1427, 1429 (9th Cir. 1995). The trial court may give even inadmissible evidence some

- 2 -

weight, when doing so serves the purpose of preventing irreparable harm before trial. *See Flynt Distributing Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984).

At the very least, the Plaintiff enjoys a "fair chance" of success on the merits, if not a reasonable possibility of prevailing.

Further, "Though it is not apparent from the face of 28 U.S.C. § 2284(b)(3), some courts have emphasized that a temporary restraining order will issue only when the party seeking it is likely to succeed on the merits .... This court thinks that the better-reasoned view, however, is that the likelihood of success on the merits should be a minor factor, especially where the potential injury is great." *Palmigiano v. Travisono*, 317 F. Supp. 776, 787 (D.R.I. 1970); ; *see also Angelotti Chiropractic, Inc. v. Baker*, 791 F.3d 1075, 1081 (9th Cir. 2015) ("Serious questions going to the merits and hardship   balance that tips sharply towards plaintiffs can also support issuance of a preliminary injunction, so long as there is a likelihood of irreparable injury and the injunction is in the public interest.") (internal quotation marks and brackets omitted).

**D.   The Threatened Injury Outweighs any Damage That the Injunction Might Cause to Defendants.**

A balancing of the relative hardships on the parties favors granting the requested temporary restraining order. There is absolutely no damage that the Defendants can claim that would override precluding life sustaining measures on Susan Bloom.

**E.   The Public Interest is Served by Allowing Plaintiff's Claims to be Fully Heard**

The issues raised in Plaintiff's Complaint and in this restraining order are matters of great public concern. A husband is invoking a DOPA to end his wife's life in contradiction to the wishes of her daughter and other family members. The husband's decision is not being made pursuant to the end of life provision in the wife's Directive. This novel fact pattern is a matter of life and death, and is a matter of public concern.

**III.   CONCLUSION**

- 3 -

1        Based on the foregoing, Plaintiff respectfully requests that this Court issue a
2  temporary restraining order and an order to show cause why a preliminary injunction
3  should not be issued against Defendant as detailed herein.

4

5  Dated:  April 24, 2021                     GESSIN LTD

6
7                                   */s/ Jesse Gessin*

                           By: _____
8                                 Jesse Gessin
9                                 *Counsel for Plaintiff*
                               *Dannielle Fewster*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 4 -

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

     I am over the age of 18 and not a party to the within action.  My business mailing address is 806 E. Avenida Pico, Suite I-291, San Clemente, CA 92673.  On April 24, 2021, I served the foregoing document described as

**EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER TO ENJOIN DEFENDANTS FROM ENDING LIFE SUSTAINING MEDICAL CARE**

on the following-listed attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual notice) by the following means of service:

     SERVED BY U.S. MAIL:  There are currently no individuals on the list to receive mail notices for this case.

     SERVED BY CM/ECF.  I hereby certify that, on April 24, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. The filing of the foregoing document will send copies to the following CM/ECF participants:

There are no participants currently on the list to receive e-mail notices for this case.

     SERVED BY EMAIL: I caused the foregoing document(s) to be transmitted to email address(es) as last given by counsel(s) or party in pro per as set forth below. The transmission was made with no error reported.

     SERVED BY PERSONAL DELIVERY:  By placing a true copy of the foregoing document(s) in a sealed envelope addressed as set forth on the below mailing list and causing such envelope(s) to be delivered to the office of the addressee(s):

Lisa Bynum
lisa.bynum@hoag.org
Hoag Memorial Hospital Presbyterian
One Hoag Drive
Newport Beach, California 92663

Steven Bloom
nskro@cox.net
26131 Dundee Drive
Lake Forest, CA  92630

     I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on April 24, 2021 at San Clemente, California.

*/s/ Jesse Gessin*
_____
Jesse Gessin

1
